IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| YAAK VALLEY FOREST COUNCIL,<br><br>                Plaintiff,<br><br>vs.<br><br>SONNY PERDUE, Secretary of Agriculture; UNITED STATES FOREST SERVICE; U.S. FOREST SERVICE, Northern Region; KOOTENAI NATIONAL FOREST; LEANNE MARTEN, Regional Forester, Northern Region; CHAD BENSON, Forest Supervisor, Kootenai National Forest,<br><br>                Defendants. | CV 19–143–M–DWM<br><br>ORDER |

      This case involves the management, or lack thereof, of the Pacific Northwest National Scenic Trail, a long-distance hiking trail that passes through the Yaak Valley in northwestern Montana as it traverses from the Rocky Mountains to the Pacific Ocean. Specifically, the Yaak Valley Forest Council ("Yaak Valley") challenges the U.S. Forest Service's failure to renew the charter for the Trail's advisory council and to issue a comprehensive plan for the Trail, as required by the National Trails System Act. (Doc. 1.) The Forest Service seeks to dismiss the Complaint on the grounds that Yaak Valley lacks standing and that its advisory

1

council claim is moot.  (Doc. 13.)  The motion is granted as to the advisory council claim and denied in all other respects

## BACKGROUND

In 1968, Congress passed the National Trails System Act "to provide for the ever-increasing outdoor recreation needs of an expanding population" and "to promote the preservation of, public access to, travel within, and enjoyment and appreciation of the open-air, outdoor areas and historic resources of the Nation." Pub. L. No. 90-543, § 2, 82 Stat. 919, 919 (1968) (codified at 16 U.S.C. § 1241(a)). The Act establishes a national system of recreation, scenic, and historic trails. § 1242(a).  Relevant here, "scenic trails" are "located as to provide for maximum outdoor recreation potential and for the conservation and enjoyment of the nationally significant scenic, historic, natural, or cultural qualities of the areas through which such trails may pass." § 1242(a)(2), (b).  Only Congress can designate a national scenic trail.  § 1244(a).  However, once a trail is designated, the authority to administer it is generally delegated to the Secretary of Agriculture or Secretary of the Interior.  *See generally id.*; § 1246(i).

Within one year of a trail's designation, the Secretary charged with its administration must establish an advisory council.  § 1244(d).  Within two years, the Secretary must submit "a comprehensive plan for the acquisition, management, development, and use of the trail" to Congress.  § 1244(e).  The plan must address

specific objectives for managing the trail, including "an identified carrying capacity of the trail and a plan for its implementation." *Id.* Despite Congress's exclusive authority to designate trails, the Secretary can establish connecting or side trails. § 1245. Further, the Secretary can relocate trail segments in limited instances, but substantial relocations can only be accomplished by an act of Congress. §§ 1245, 1246(b).

Congress designated the Pacific Northwest National Scenic Trail in 2009. Omnibus Public Land Management Act of 2009, Pub. L. No. 111-11, § 5205, 123 Stat. 991, 1158 (codified at 16 U.S.C. § 1244(a)(30)). The Trail consists of "approximately 1,200 miles, extending from the Continental Divide in Glacier National Park, Montana, to the Pacific Ocean Coast in Olympic National Park, Washington" and is administered by the Secretary of Agriculture. *Id.* The Secretary of Agriculture has delegated that authority to the Forest Service. (*See, e.g.*, Doc. 14-1.)

On August 23, 2019, Yaak Valley filed this suit, alleging that the Forest Service violated the National Trails System Act by failing to prepare a comprehensive management plan for the Pacific Northwest Trail and failing to reissue the charter for the Trail's advisory council. (Doc. 1.) The Forest Service moved to dismiss on April 1, 2020. (Doc. 13.)

**LEGAL STANDARD**

A defendant may move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) challenges are either facial or factual. *Leite v. Crane*, 749 F.3d 1117, 1121 (9th Cir. 2014). "A facial attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* (internal quotation marks omitted). In resolving a facial challenge, courts accept all allegations as true and draw all reasonable inferences in favor of the plaintiff. *Id.* A factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a factual challenge, courts may consider evidence beyond the complaint to determine the truthfulness of the jurisdictional allegations. *Id.*

**ANALYSIS**

**I.     Standing**

The requirement that plaintiffs have standing is grounded in Article III of the Constitution, which limits federal courts' jurisdiction to cases and controversies. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To have standing, a plaintiff must (1) have suffered an injury in fact that is (2) causally connected and fairly traceable to the challenged conduct and (3) is likely to be redressed by a favorable decision in court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The

plaintiff has the burden to establish these elements. *Spokeo, Inc.*, 136 S. Ct. at 1547. Here, the Forest Service argues that the complaint is facially insufficient to establish injury-in-fact and traceability.

### A. Injury-in-fact

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan* 504 U.S. at 560). Generally, "[a]n injury is imminent if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Mont. Envtl. Info. Ctr. v. Stone-Manning*, 766 F.3d 1184, 1189 (9th Cir. 2014) (internal quotation marks omitted). However, the imminence requirement is relaxed for plaintiffs asserting a procedural injury. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009). Plaintiffs alleging procedural injury need only show that "(i) the agency violated certain procedural rules, (ii) those rules protect a concrete interest of the plaintiff, and (iii) it is 'reasonably probable' that the challenged action threatens that concrete interest." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1160 (9th Cir. 2017) (quoting *Citizens for Better Forestry v. U.S. Dep't of Agric.*, 341 F.3d 961, 969–70 (9th Cir. 2003)).

Here, Yaak Valley alleges that the Forest Service violated the National Trails System Act's procedural requirement to issue a comprehensive plan for the

5

Pacific Northwest Trail. (Doc. 1 at ¶¶ 34, 51–59.) The Forest Service concedes that Yaak Valley has a concrete recreational and aesthetic interest in observing grizzly bears in the vicinity of the Trail. (Doc. 16 at 7–8; Doc. 1-1 at ¶¶ 7–9, 17–21.) However, it argues that the alleged threat to that interest is "far too amorphous and speculative." (Doc. 14 at 9.) Specifically, the Forest Service argues that Yaak Valley has not shown how the absence of a comprehensive plan affects its interest because, by the Complaint's own terms, the Trail's carrying capacity exceeds the current number of hikers. Indeed, the Complaint acknowledges that the Trail's estimated carrying capacity is 400 thru hikers, while only 100 allegedly used the trail. (Doc. 1 at ¶¶ 33, 58, 69.) And, the Forest Service is correct that Yaak Valley's ultimate concern appears to be the harm caused by overuse of the Trail.

But for standing purposes, the challenged action or, in this case, inaction "need not immediately or directly cause the harm as a first-order effect." *Navajo Nation*, 876 F.3d at 1161. Here, Yaak Valley does not directly challenge the number of hikers currently using the Trail, but instead alleges that the Forest Service's failure to prepare a comprehensive plan results in a lack of information about the Trail's use, which will lead to conflict between hikers and grizzly bears. The Complaint and foundational affidavit are replete with references to the lack of data and analysis. (Doc. 1 at ¶¶ 50, 69, 69 n.1, 80; Doc. 1-1 at ¶¶ 8, 11–16, 21.)

These references in conjunction with the detailed allegations about the location of the trail in relation to grizzly bear habitat, (Doc. 1 at ¶¶ 42–48), the effects hikers have on grizzly bear, (*id.* at ¶ 49), the Forest Service's promotion of the Trail to would-be thru hikers, (*id.* at ¶ 69), and the predicted increase in use, (*id.* at ¶ 80), show a reasonable probability that the lack of a comprehensive plan threatens Yaak Valley's concrete interest in grizzly bear conservation.  Yaak Valley has therefore satisfied the injury-in-fact prong of the standing inquiry.

        **B.**      **Causation**

The Forest Service also argues that any injury to Yaak Valley's interest in grizzly bears was caused by Congress's designation of the Trail and is not traceable to the failure to prepare a comprehensive plan.  This argument ignores the Forest Service's role in managing the Trail.  As argued by Yaak Valley, a comprehensive plan could inform the Forest Service's management decisions, such as implementing a permit system or undertaking small scale relocations of the Trail away from sensitive habitat, which would limit the impact on grizzly bear.  (Doc. 1 at ¶ 24; Doc. 15 at 23.)  Accordingly, Yaak Valley has shown that its injury is traceable, at least in part, to the Forest Service's failure to prepare a comprehensive plan.  That the injury is also traceable to Congress does not vitiate standing.

7

## II. Mootness

The Forest Service argues that Yaak Valley's challenge to the failure to renew the Pacific Northwest National Scenic Trail Advisory Council's charter is moot because the charter was ultimately renewed on March 10, 2020. (Doc. 14 at 12; Blanchard Decl., Doc. 14-1 at ¶ 5.) A claim is moot when the court can no longer grant effective relief. *Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1192 (9th Cir. 2011). The Forest Service's "burden of demonstrating mootness is a heavy one." *Id.* (internal quotation marks omitted). However, Yaak Valley has not responded to this argument, (*see generally* Doc. 15; Doc. 16 at 3 n.1), which indicates that it is well-taken, *cf.* L.R. 7.1(d)(1)(B)(ii). Ultimately, because the Forest Service has already remedied the issue, Yaak Valley's Second Claim for Relief no longer presents a live controversy.

## Conclusion

IT IS ORDERED that the Forest Service's motion to dismiss (Doc. 13) is GRANTED as to the advisory council charter claim and DENIED in all other respects. Yaak Valley's Second Claim for Relief is DISMISSED as moot.

DATED this 30th day of July, 2020.

_____
Donald W. Molloy, District Judge
United States District Court