IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| YAAK VALLEY FOREST COUNCIL,<br><br>     Plaintiff,<br><br>vs.<br><br>SONNY PERDUE, Secretary of Agriculture; UNITED STATES FOREST SERVICE; U.S. FOREST SERVICE, Northern Region; KOOTENAI NATIONAL FOREST; LEANNE MARTEN, Regional Forester, Northern Region; CHAD BENSON, Forest Supervisor, Kootenai National Forest,<br><br>     Defendants. | CV 19–143–M–DWM<br><br>OPINION<br>and ORDER |

  Plaintiff Yaak Valley Forest Council seeks attorney fees based on its success in challenging the United States Forest Service's administration of the Pacific Northwest National Scenic Trail. *See Yaak Valley Forest Council v. Vilsack*, 563 F. Supp. 3d 1105 (D. Mont. 2021). That motion is granted in part.

### BACKGROUND

  Yaak Valley filed suit in 2019, alleging Defendants violated the National Trail Systems Act, 16 U.S.C. §§ 1241–51, because the Forest Service failed to

1

timely prepare a comprehensive management plan for the Pacific Northwest Trail ("the Trail") and failed to reissue the charter for the Trail's advisory council. *See Yaak Valley*, 563 F. Supp. 3d at 1111. The latter claim was dismissed as moot. *Id.* Subsequently, the Court granted in part and denied in part both Yaak Valley's and Defendants' motions for summary judgment. The Court partially granted summary judgment in favor of Yaak Valley because of the Forest Service's failure to issue a timely comprehensive plan for the Trail, and the Court consequently imposed a deadline for submission of a comprehensive plan to Congress. *Id.* at 1119–20. The Court partially granted summary judgment in favor of Defendants insofar as it denied Yaak Valley's request for injunctive relief beyond imposition of a deadline for the Forest Service's comprehensive plan. *Id.*

Defendants voluntarily dismissed their appeal. *See Yaak Valley Forest Council v. Vilsack*, 2022 WL 571529 (9th Cir. Jan. 26, 2022). Yaak Valley then moved for attorney fees, (Doc. 40), and the parties jointly requested a stay to conduct settlement discussions, (Doc. 42). Those discussions were not successful. (Doc. 44.) Yaak Valley now seeks a total fee award of $120,004.08, which includes $6,772.58 for the time spent on the present motion. (*See* Doc. 47 at 16.)

## LEGAL STANDARD

Under the Equal Access to Justice Act ("EAJA"), courts may award fees and costs incurred by a prevailing party in civil cases involving the judicial review of

2

agency actions "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A prevailing party is "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Citizens for Better Forestry v. U.S. Dep't of Agric.*, 567 F.3d 1128, 1131 (9th Cir. 2009) (quotation marks and alteration omitted).

## ANALYSIS

Yaak Valley is entitled to attorney fees as the prevailing party. Defendants concede this point and recognize that some award of fees is appropriate. (Doc. 46 at 13.) But Defendants dispute the number of hours for which Yaak Valley seeks compensation and the rate at which Yaak Valley seeks to be compensated. With some reductions as explained below, Yaak Valley's fee request is granted.

### I. Amount of Attorney Fees

Because Yaak Valley is the prevailing party and Defendants do not argue that their position was substantially justified so as to warrant outright denial of fees,[1] the amount of Yaak Valley's fee award is determined by what is

---

[1] Nor could Defendants successfully make an argument for substantial justification; "fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002). Here, Defendants' underlying action was unreasonable. *Yaak Valley*, 563 F. Supp. 3d at 1112 ("[T]he Forest Service concedes that it has failed to comply with the statutory timeline for issuing a comprehensive plan. Such a delay is unreasonable . . . . .").

3

"reasonable." *See Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1172 (9th Cir. 2019) (en banc). "[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). The lodestar figure is "[t]he most useful starting point for determining the amount of a reasonable fee," and it is achieved by multiplying the number of hours "reasonably expended on the litigation . . . by a reasonable hourly rate." *Id.* at 433. Defendants argue that Yaak Valley was minimally successful on its claims, and so the hourly rate and the number of hours for which it seeks compensation are excessive. They maintain that Yaak Valley's incomplete award of relief "does not constitute the kind of success warranting a six-figure award of attorney's fees," in large part because Yaak Valley's request for additional injunctive relief was denied. (Doc. 46 at 16.) Defendants are partially correct.

### A. Degree of Success

Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. Consequently, in cases where a plaintiff prevails on only some claims for relief, courts first ask whether the unsuccessful claims were related to the successful ones. *Ibrahim*, 912 F.3d at 1172. Next, courts ask "whether the plaintiff achieved a level

of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.* (quotation marks and alteration omitted).

As noted, Defendants argue Yaak Valley's overall fee request should be reduced because Yaak Valley did not receive all the injunctive relief it requested. But a request for an injunctive remedy is not the same as a claim for relief. *See Yaak Valley*, 563 F. Supp. 3d at 1119 n.3. Thus, Yaak Valley did not fail on its surviving claims at summary judgment, but instead was not successful in obtaining the precise remedy requested. The failure to obtain all requested relief factors into the second prong of the inquiry as it affects the evaluation of Yaak Valley's overall success. Although Yaak Valley's request for novel injunctive relief was denied, it nonetheless achieved the ultimate aim of its litigation: securing a court-ordered date certain for completion of a comprehensive plan. Thus, despite Defendants' characterizations otherwise, Yaak Valley was highly successful in this litigation.

### B. Hourly Rate

Under the EAJA, rates begin at $125 an hour but increase if the cost of living or "special factor" justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit publishes a schedule of hourly rates adjusted for increases in the cost of living. United States Courts for the Ninth Circuit, *Statutory Maximum Rates under the Equal Access to Justice*, http://www.ca9.uscourts.gov/attorneys/

statutory-maximum-rates/ (accessed June 16, 2022). Relevant here, the Ninth Circuit adjusted EAJA rates for cost of living as follows: $205.25 (2019), $207.78 (2020), and $217.54 (2021).

If the fee applicant seeks hours above the EAJA rate, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "A party opposing an attorney's fee award must come forward with affidavits or other evidence of its own regarding legal rates in the community." *Native Ecosystems Council v. Weldon*, 921 F. Supp. 2d 1069, 1079 (D. Mont. 2013); *cf. United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (rejecting defendants' argument for reduction of plaintiff's requested fees because defendants "did not support their arguments with any affidavits or evidence of their own regarding legal rates in the community").

Yaak Valley requests fees at varying rates, dependent on the experience of the particular attorney and year in which the work was performed. Yaak Valley identifies four attorneys with varying degrees of experience who worked on this case: Graham Coppes, Emily Wilmott, Taylor Heggen, and Dan Brister. Both Coppes and Wilmott have been practicing in Montana since 2015 with a focus on

state and federal environmental and natural resource law. (*See generally* Docs. 41-2, 41-3.) Heggen performed work for Yaak Valley as a third-year law student in 2019 and as a first-year associate in 2020 and 2021. (Doc. 41-3 at ¶ 11.) Brister graduated from law school in 2020, and he performed work for Yaak Valley as a first-year associate that year. (Doc. 41-2 at ¶ 13.) Thus, Yaak Valley seeks fees at the following rates:

|      | Coppes | Wilmott    | Heggen | Brister |
|------|--------|------------|--------|---------|
| 2019 | $240   | $240       | $125   |         |
| 2020 | $250   | $250       | $145   | $145    |
| 2021 | $270   | $270       |        |         |
| 2022 |        | $230.36[2] |        |         |

Yaak Valley contends its requested rates are reasonable, despite the statutory EAJA rate of $125 an hour, because of the cost of living increase as well as the special factor that these rates are in-line with prevailing market rates for attorneys with similar skill and experience in the specialized field of environmental litigation. Defendants disagree. According to Defendants, the EAJA rates noted above—with no further enhancement—should apply to account for the cost of living: $205.25 (2019) and $207.78 (2020).[3] (Doc. 46 at 22.) Defendants do not oppose the $125 rate for Heggen during her third year of law school. (*Id.* at 21 n.3.) At base, Defendants oppose Yaak Valley's argument that any special

---

[2] Wilmott requests the prospective Ninth Circuit EAJA rate for her work related to the fees motion with no special factor enhancement. (Doc. 47-1.)
[3] Defendants argue no fees should be awarded for 2021.

7

factor—such as specialized skill or complex litigation—warrants a further increase in rates. Yaak Valley has the better argument.

Yaak Valley supports its request for fees with affidavits from Coppes and Wilmott, (*see* Docs. 41-2, 41-3), as well as with affidavits from two attorneys who have practiced environmental law in Montana for over 20 years, (*see* Docs. 41-1, 41-4). These latter affidavits explain a familiarity with the prevailing market rate for environmental litigation in the District of Montana, and both affidavits assert that Yaak Valley's requested rates are in-line with the community's prevailing market rate. By contrast, Defendants do not provide any evidence in support of their argument that Yaak Valley's requested rates are unreasonable. Because Yaak Valley supports its request with evidence and "[e]nvironmental litigation is an identifiable practice specialty that requires distinctive knowledge," *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991), Yaak Valley's requested rates are reasonable.

### C. Hours Billed

Hours that were not "reasonably expended" in the litigation should be excluded. *Hensley*, 461 U.S. at 434. Accordingly, hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from the final fee award. *Id.* Additionally, hours devoted to clerical work should also be excluded. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). "Tasks considered clerical include, but are not

limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents." *All. for the Wild Rockies, Inc. v. U.S. Army Corps of Eng'rs*, 2019 WL 1749518, at *6 (D. Or. Apr. 18, 2019) (quotation marks omitted). A court may consider the quality of the briefing in setting a fee award. *See Herrington v. Cnty. of Sonoma*, 883 F.2d 739, 746 (9th Cir. 1989).

Yaak Valley requests an award reflecting 522.9[4] hours of work:

|      | Coppes | Wilmott | Heggen | Brister |
|------|--------|---------|--------|---------|
| 2019 | 31.4   | 77.2    | 18     |         |
| 2020 | 46.4   | 138     | 67.1   | 9       |
| 2021 | 30     | 76.25   |        |         |
| 2022 |        | 29.5    |        |         |

Defendants argue that any hours beyond Defendants' settlement offer on December 13, 2019, should be excluded, limiting the total hours to 164.8 hours. (Doc. 46 at 22.) In the alternative, Defendants argue that, at most, Yaak Valley is entitled to fees until September 24, 2020, when it formally rejected the settlement offer, for a total of 253.8 hours. (*Id.*) Both of these arguments ignore that Yaak Valley sought an enforceable court order that mandated a date certain for the completion of a comprehensive plan, which was not possible to obtain via

---

[4] In their initial fee request, Yaak Valley sought roughly 493.4 hours of billable work. In its reply, Yaak Valley sought an additional 29.4 hours of work for its reply brief in relation to the fee dispute. (Doc. 47-1 at 4.)

9

settlement. Accordingly, Defendants' arguments for such broad reductions are rejected. However, while it is settled that preparation for an oral argument, which may include moot courts, may be reasonably billed, *Democratic Party of Wash. St. v. Reed*, 388 F.3d 1281, 1287 (9th Cir. 2004), Defendants are correct that certain duplicative or unnecessary hours expended on oral argument preparation may nonetheless be excluded. Here, Yaak Valley claims over 100 hours preparing for oral argument. (*See* Doc. 46 at 18; Doc. 46-1.) Put differently, Yaak Valley claims to have devoted the equivalent of two-and-a-half work weeks exclusively to this discrete part of the litigation. Even considering Wilmott's unexpected illness, (Doc. 47 at 12), this is an unreasonable amount of preparation time considering the issues in this case. Accordingly, Yaak Valley's oral argument preparation hours are reduced by 60%: Brister will be compensated for 3.6 hours, Heggen will be compensated for 1.9 hours, Coppes will be compensated for 8.5 hours, and Wilmott will be compensated for 28.2 hours.

Defendants' argument that 12.1 hours should be excluded from Plaintiffs' fee request because those hours are rooted in clerical work is well-taken. (*See, e.g.*, Doc. 41-3 at 6–8 (billing for items such as organizing files, preparing brief for submission, preparing table of contents, and preparing affidavit).) Accordingly, 1.7 hours are reduced from Wilmott's 2019 request and 10.4 hours are reduced from her 2020 request. Additionally, 2.2 hours are reduced from Wilmott's 2022

10

billable hours as they are related to the preparation of filing. (*See* Doc. 47-1 at 4, entry 4/27/22).)

Finally, Defendants raise a fair point that Yaak Valley's briefing exhibited some issues that warrant a reduction in the fee award. As Defendants note, a significant portion of Plaintiffs' opening summary judgment brief focused on inapposite law and, as this Court noted, Yaak Valley's summary judgment briefing was confusing on its third claim for relief. *See Yaak Valley*, 563 F. Supp. 3d at 1116. It was unclear from the briefing whether Yaak Valley was "alleging a claim under the national Trails System Act through the APA, alleging a claim under the ESA, alleging a claim under the National Forest Management Act . . ., or all three." *Id.* As a result of some issues relating to the quality of Yaak Valley's briefing, *see Herrington*, 883 F.2d at 746, Yaak Valley's fee request is reduced by 30%.

### D. Total Award

For the reasons explained above, Yaak Valley will be awarded fees as follows:

|       | Coppes | Wilmott | Heggen | Brister |
|-------|--------|---------|--------|---------|
| 2019  | 31.4 ($240)= $7,536.00 | 75.5 ($240)= $18,120.00 | 67.1 ($125)= $8,387.50 | |
| 2020  | 46.4 ($250)= $11,600.00 | 127.6 ($250)= $31,900.00 | 15.2 ($145)= $2,204.00 | 3.6 ($145)= $522.00 |
| 2021  | 17.2 ($270)= $4,644.00 | 33.9 ($270)= $9,153.00 | | |
| 2022  | | 27.3 ($230.36)= $6,288.83 | | |
| Total | $23,780.00 | $65,461.83 | $10,591.50 | $522.00 |

The total from the table above, $100,355.33, is reduced by 30% for the stated reasons. With this reduction, Plaintiffs are awarded fees in the amount of $70,248.73.

## CONCLUSION

Accordingly, IT IS ORDERED that Yaak Valley's motion for attorney fees, (Doc. 40), is GRANTED. Fees are awarded in the amount of $70,248.73.

DATED this 6th day of June, 2022.

_____
Donald W. Molloy, District Judge
United States District Court